IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

AUG 17 2009

JOHN F. CORCORAN, CLERK
BY: /s/ Paul Coleman
DEPUTY CLERK

| | |
|---|---|
| SBA TOWERS II, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROSCOE NEIL SAUNDERS, Executor of the Estate of )<br>CORA BELL MEADOR SAUNDERS, )<br>   Serve:  6042 Saunders Road )<br>         Vinton, VA  24179 )<br>)<br>and )<br>)<br>RALPH EDWARD SAUNDERS, Executor of the Estate of )<br>CORA BELL MEADOR SAUNDERS, )<br>   Serve:  6042 Saunders Road )<br>         Vinton, VA  24179 )<br>)<br>Defendants. ) | Case No.: 6:09CV00043 |

## MOTION FOR PRELIMINARY INJUNCTION

The plaintiff, SBA Towers II, LLC, ("SBA"), pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, moves for the entry of a preliminary injunction against the defendants, Roscoe Neil Saunders and Ralph Edward Saunders, Executors of the Estate of Cora Bell Meador Saunders (the "Saunders"). SBA seeks injunctive relief to enjoin the conduct which is the subject of its Complaint; specifically, Saunders' interference with SBA's right to access certain leased premises under a lease agreement until such time as a full hearing on the merits of the claims asserted in the SBA's Complaint can be held.

In support of its Motion, SBA states that it is entitled to preliminary injunctive relief because of the following:

12733/13/3082311v1

1. SBA is likely to prevail on the merits of its claim for specific performance and declaratory judgment to which the requested injunctive relief relates.

2. SBA has suffered, and will continue to suffer, absent injunctive relief, irreparable injury for which there is no adequate remedy at law.

3. The requested preliminary injunction is necessary to prevent further interference by the Saunders with SBA's rights under the lease agreement at issue in the underlying action.

4. The balance of hardships warrants the requested injunctive relief, because SBA has suffered and stands to continue to suffer irreparable injury if the Saunders are not enjoined, while the Saunders will sustain minimal loss if the injunction is granted. The injunction sought is narrowly tailored and would allow SBA to exercise its rights under the lease agreement free from improper interference by the Saunders.

WHEREFORE, SBA seeks entry of a Preliminary Injunction Order restraining prohibiting and enjoining the defendants from: taking any action to terminate the Lease Agreement; from taking any action to prohibit the plaintiff from accessing the leased premises; from disclosing or suggesting to any person that the Lease Agreement has or may be terminated; or from interfering with the plaintiff's use of the leased premises in any way, until a full hearing can be held on the merits of the claims asserted in SBA's Complaint, and for the duration of this lawsuit, and such other equitable relief as this Court believes is required or warranted by the evidence.

Dated: August 17, 2009.

12733/13/3082311v1

SBA TOWERS II, LLC

By: *Maxwell Wiegard*
Of Counsel

G. Michael Pace, Jr. (VSB No. 24054)
E-Mail: mike_pace@gentrylocke.com
Kevin W. Holt (VSB No. 42866)
E-Mail: kevin_holt@gentrylocke.com
Maxwell H. Wiegard (VSB No. 68787)
E-Mail: max_wiegard@gentrylocke.com
GENTRY LOCKE RAKES & MOORE LLP
800 SunTrust Plaza
P.O. Box 40013
Roanoke, Virginia 24022-0013
(540) 983-9300
Fax: (540) 983-9400

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 17th day of August, 2009, served by first class mail a true copy of the foregoing Motion for Preliminary Injunction to Robert T. Wandrei, Esq., Radford & Wandrei, PC, P.O. Box 1008, Bedford, VA 24523-1008, counsel for defendants Roscoe Neil Saunders and Ralph Edward Saunders, Executors for the estate of Cora Bell Meador Saunders.

*Maxwell Wiegard*

3

12733/13/3082311v1